# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY No.: 20-41688 |
| Christopher John Kovanda , | |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | ADV No.: _____ |
| Plaintiff, | |
| v. | |
| Toyota Motor Credit Corporation and Christopher John Kovanda, | |
| Defendants. | |

## ADVERSARY COMPLAINT

Randall L. Seaver, Trustee ("**Plaintiff**") of the bankruptcy estate of Christopher J. Kovanda ("**Debtor**"), as and for his Complaint against Defendant Toyota Motor Credit Corporation ("**Toyota**") and Debtor, states and alleges as follows:

1.    Plaintiff is the duly appointed Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2.    This bankruptcy case was commenced on June 26, 2020 by the filing of a voluntary Chapter 13 case by the Debtor.  The case converted to a Chapter 7 proceeding on August 7, 2020.  The case remains pending in this Court.

3.    Toyota is a corporation which engages vehicle financing and is registered as a foreign business corporation with the State of Minnesota with a registered address of 1010 Dale St. N., St. Paul, MN  55117.

4.  In his initial bankruptcy schedules, Debtor listed an interest in a 2011 Toyota Highlander with a value of $6,500.00  See, Docket item 1 in main case.  Debtor also scheduled a secured liability (Loan # 82002939) for that vehicle, owed Defendant, in the amount of $9,967.00.

5.  On or about July of 2020, while a Chapter 13 debtor, Debtor paid the following to Toyota:  $5,000 on July 27, 2020 and $4,452.90 the next day (the "**Transfers**").  These payments approximately match with loan balance as Toyota filed proof of claim number 3 in the amount of $9,425.97 in this case.

6.  Based on the payment, Toyota released its lien on or about August 10, 2020.

7.  The Trustee seeks to recover the Transfers from Toyota.

8.  Correspondingly, Debtor should be compelled to reinstate Toyota's lien on the vehicle, as well.

## STATEMENT OF JURISDICTION AND VENUE

9.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

10. Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

11. This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure that relates to the above-captioned bankruptcy case.  The bankruptcy case is pending in this district before this Court.

12. Venue properly lies in this judicial district as this is a proceeding related to a case under Title 11 of the United States Code pending before this Court.

## COUNT I – UNAUTHORIZED TRANSFER PER 11 U.S.C. § 549

13. Plaintiff realleges the forgoing paragraphs of this Complaint in their entirety.

14. The Transfers were not utilized to pay ordinary living expenses while the Debtor resided in a doomed Chapter 13 case but were instead used by the Debtor to divert his personal to build equity in his Toyota Highlander.

15. Debtor made the Transfers with the fraudulent purpose of avoiding payments to creditors within the scheme of Chapter 13 and to protect the funds in his imminent Chapter 7 conversion.

16. The Transfers are avoidable as (1) the Transfers were property of the estate; (2) the property (the Transfers) were transferred to Toyota; (3) the Transfers were made post-petition; and (4) the Transfers were not authorized by the bankruptcy code or this Court.

17. The Transfers were an unauthorized transfer pursuant to 11 U.S.C. § 549(a) and are recoverable by Plaintiff pursuant to 11 U.S.C. § 550.

18. Debtor should be compelled to reinstate the lien as part of this action.

**WHEREFORE**, Plaintiff prays for a judgment of this Court as follows:

1. Granting a judgment in favor of the Trustee in the amount of $9,452.90 against Toyota together with all other postpetition transfers identified to be avoidable during discovery.

2. Directing that Debtor reinstate the lien on the Toyota Highlander in favor of Toyota.

3. Awarding Plaintiff all costs, disbursements and attorney's fees as are allowed by law.

4. Such other relief as is just and equitable.

|  |  |
|---|---|
|  | **MORRISON SUND PLLC** |
| Dated:  December 29, 2020 | */e/ Matthew R. Burton* <br> Matthew R. Burton (210018) <br> 5125 County Road 101, Suite 200 <br> Minnetonka, MN  55345 <br> P: (952) 975-0050; F: (952) 975-0058 <br> E: *mburton@morrisonsund.com* |
|  | ***ATTORNEYS FOR PLAINTIFF*** |